**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6              NORTHERN DISTRICT OF CALIFORNIA
7
8    LORENZO R. CUNNINGHAM,                    No. C-13-1978 EMC (pr)
9              Plaintiff,
10        v.                                   **ORDER FOR FILING OF *IN FORMA***
                                               ***PAUPERIS* APPLICATION OF**
11   UCSF SPINE CENTER; *et al.*,              **PAYMENT OF FILING FEE**
12             Defendants.
                                        /
13 _____
14

15        This *pro se* civil action was filed on April 30, 2013.  On the same date he filed his complaint,

16  Plaintiff requested a 30-day extension to pay the filing fee and the fee for service of process by the

17  U.S. Marshal, in which he claimed not to know the amount of the filing fee.  On April 30, 2013, the

18  Court notified Plaintiff in writing that the action was deficient due to the failure to pay the filing fee

19  or furnish a completed and signed court-approved *in forma pauperis* application.  The notice stated

20  that the "filing fee of $350.00 is now due."  Docket # 4.  Plaintiff never paid the filing fee and never

21  filed a completed *in forma pauperis* application.  He did, however, send repeated requests for forms

22  and fees to have the Marshal serve process.

23        The very first thing that must be taken care of is the fee obligation.  Plaintiff's request for a

24  30-day extension of time to pay the fee or submit an *in forma pauperis* application is **GRANTED**.

25  (Docket # 3.)  Plaintiff states that someone in his family would send the filing fee; to date, the Court

26  has not received the filing fee.  Plaintiff must pay the $350.00 filing fee or file a completed *in forma*

27  *pauperis* application (including a certificate of funds and a copy of his inmate trust account

28

statement for the last six months) no later than **August 2, 2013**. Failing to pay the fee or file a completed *in forma pauperis* application will result in the dismissal of this action.

Plaintiff's motion for summonses to serve on defendants and a fee schedule for service of process is **DENIED** as premature. (Docket # 5.) Until Plaintiff pays the filing fee or submits a completed *in forma pauperis* application, the Court will not know whether the complaint will be screened. Until the Court knows whether the complaint needs to be screened, the Court will not know whether any service of process will be required to be performed by Plaintiff or the Marshal.

Plaintiff has moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. The request for appointment of counsel is **DENIED**. (Docket # 3.)

Plaintiff has moved for a preliminary injunction requiring Defendant UCSF Spine Center to remove the rods, plates and screws that were installed in his back during a September 2012 surgery after other hardware in his back broke. He alleges that he is in great pain as a result of the hardware. Plaintiff is not entitled to an injunction because he has completely failed to show any likelihood of success on the merits. *See Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008). His exhibits show that he has serious and longstanding back problems, but do not show any act or omission giving rise to liability by any of the defendants. The motion for a preliminary injunction is **DENIED**. (Docket # 3.)

Plaintiff's several filings indicate that he wants to proceed quickly toward a resolution of this action. The best way to make that happen is to comply with the Court's orders and notices in a timely manner, which Plaintiff failed to do when he ignored the April 30, 2013 notice to pay the

filing fee or file a completed *in forma pauperis* application.  As noted above, Plaintiff has until

August 2, 2013 to pay the $350.00 filing fee or file a completed *in forma pauperis* application.

      IT IS SO ORDERED.

Dated:  July 8, 2013

_____
EDWARD M. CHEN
United States District Judge

**United States District Court**
For the Northern District of California

3