Gregory G. Jackson, Esq. (SBN 262364)
MORRIS POLICH & PURDY LLP
600 W. Broadway, Suite 500
San Diego, CA 92101
Telephone:     (619) 557-0404
Facsimile:     (619) 557-0460

Attorneys for Defendant,
NUVASIVE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| LORENZO R. CUNNINGHAM,<br><br>           Plaintiff,<br><br>v.<br><br>UCSF SPINE CENTER., NUVASIVE, INC., OSTEOTECH, INC., et al.,<br><br>           Defendants. | Case No. 13-CV-01978-EMC<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT NUVASIVE, INC. TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:         Hon. Edward M. Chen<br>Courtroom:  5<br>Date:          TBD<br>Time:          TBD |
|---|---|

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that defendant NuVasive, Inc. hereby moves this Court for an order dismissing, with prejudice, Plaintiff's claims in their entirety against NuVasive, Inc. under Federal Rules of Civil Procedure 12(b)(6), on the grounds that the Complaint fails to state a claim upon which relief may be granted.  Pursuant to the Court's Motions - *Pro Se* Prisoner Cases Only category in the CM/ECF Civil Events menu, no hearing date is set unless otherwise ordered by the Court.  Plaintiff's Opposition to this motion is due fourteen days (plus three days for manual service) from the date this motion is filed.  NuVasive, Inc.'s Reply brief is due seven days (plus three for manual service) from the date Plaintiff's Opposition is due.

1   This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and
2   Authorities in support thereof, on such oral and documentary evidence that may be introduced should
3   the Court determine to hold a hearing, and on all papers and pleadings on file with the Court herein.
4   A proposed order is submitted concurrently with this Motion.

Dated: September 24, 2013                           Respectfully submitted,

**MORRIS POLICH & PURDY LLP**

By: _____/s/_____
      Gregory G. Jackson
      Attorney for NuVasive, Inc.

# TABLE OF CONTENTS

I. INTRODUCTION AND FACTUAL BACKGROUND ........................................................... - 3 -

II. LEGAL STANDARD ................................................................................................ - 4 -

III. ARGUMENT .......................................................................................................... - 6 -

   A. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ............................................................................................................ - 6 -

      1. The Allegedly Defective Product is Not a NuVasive Product ........................................... - 6 -

         i. Plaintiff's Negligence Allegations Are Deficient ............................................... - 7 -

         ii. Plaintiff's Strict Liability Allegations Are Deficient ........................................ - 8 -

      2. California Does Not Recognize a Claim for Strict Liability Design Defect for Implantable Devices ......................................................................................................... - 8 -

      3. Plaintiff's Failure to Warn Claims Are Barred By the Learned Intermediary Doctrine ..... - 9 -

   B. PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO APPRISE NUVASIVE OF THE CLAIM AGAINST IT. ........................................................................ - 10 -

   C. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS IMPROPER WHERE THE REMAINING CLAIMS ARE DISMISSED. ................................................................................ - 11 -

   D. NUVASIVE'S MOTION TO DISMISS SHOULD BE GRANTED WITHOUT LEAVE TO AMEND ......................................................................................................................... - 12 -

IV. CONCLUSION ..................................................................................................... - 13 -

SD214552.DOC          i

NOTICE OF MOTION AND MOTION OF DEFENDANT NUVASIVE, INC. TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Cases**

*Artiglio v. Superior Court*, 22 Cal. App. 4th 1388 (1994) ...............................................................- 8 -

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ................................................................... - 5 -, - 7 -, - 12 -

*Balisteri v. Pacifica Police Dept.*, 901 F. 2d 698 (9th Cir. 1988) .......................................................- 4 -

*Barret v. Atlas Powder Co.*, 86 Cal. App. 3d 560 (1978) .................................................................- 8 -

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... - 5 -, - 6 -, - 7 -

*Bockrath v. Aldrich Chemical Co.*, 21 Cal. 4th 71 (1990) ................................................- 7 -, - 10 -

*Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995) .............................................................................- 12 -

*Brazil v. United States Dept. of Navy,* 66 F.3d 193,(9th Cir. 1995) ........................................- 6 -

*Brown v. Superior Court*, 44 Cal. 3d 1049 (1988) ............................................................................- 8 -

*Caira v. Offner*, 126 Cal. App. 4th 12 (2005) ..................................................................................- 11 -

*California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466 (9th Cir. 1987) ..................................................................................................................................- 12 -

*Carlin v. Superior Court*, 13 Cal. 4th 1104 (1996) ...........................................................................- 9 -

*Dicola v. White Bros. Performance Products, Inc.*, 158 Cal. App. 4th 666 (2008) .....................- 7 -, - 8 -

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) ........................................................................- 7 -

Federal Rule of Civil Procedure 12(b)(6) ................................................................... - 3 -, - 4 -, - 15 -

*Foman v. Davis*, 371 U.S. 178 (1968) ...............................................................................................- 12 -

*Gabrielson v. Montgomery Ward,* 785 F.2d 762 (9th Cir. 1986) ........................................................- 12 -

*Garrett v. Howmedica Osteonics* Corp., 2012 WL 5911441 (Cal. App. Nov. 27, 2012) .....................- 8 -

*Huey v. Barloga*, 277 F. Supp. 864 (1967 N.D. Ill.) .........................................................................- 10 -

*Hufft v. Horowitz*, 4 Cal. App. 4th 8 (1992) ......................................................................................- 9 -

*Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004) ........................................................................- 12 -

*King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987) .....................................................................................- 6 -

*Kizer v. County of San Mateo*, 53 Cal. 3d 139 (1991) ....................................................................- 12 -

*McLaughlin v. National Union Fire Ins. Co.*, 23 Cal. App. 4th 1132 (1994) ....................................- 11 -

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001)..........................................................- 7 -

*Motus v. Pfizer Inc.*, 196 F.Supp.2d 984 (C.D. Cal. 2001) ...............................................................- 10 -

*Ortega v. Kmart Corp.*, 26 Cal. 4th 1200 (2001).................................................................................- 7 -

*Plenger v. Alza Corp.*, 11 Cal. App. 4th 349 (1992)............................................................................- 9 -

*Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953 (1997) ........................................................ - 7 -, - 10 -

*Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212 (2005) ..........................................- 12 -

*Suever v. Connell*, 579 F.3d 1047 (7th Cir. 2009) .............................................................................- 10 -

*Sutton v. Eastern Viavi Co.*, 138 F.2d 959 (7th Cir. 1943) ......................................................- 10 -, - 11 -

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).........................................................................- 10 -

*Valentine v. Baxter Healthcare Corp.*, 68 Cal. App. 4th 1467 (1st Dist. 1999) ..................................- 9 -

*Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626 (N.D. Cal. 1978) .....................................................- 12 -

**Statutes**

Civ. Code § 3294 ................................................................................................................................- 12 -

Federal Rule of Civil Procedure 8(a)(2)................................................................................................- 4 -

Restatement (Second) of Torts § 402A.................................................................................................- 8 -

SD214552.DOC                                       iii

NOTICE OF MOTION AND MOTION OF DEFENDANT NUVASIVE, INC. TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(6);
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff's Complaint arises out of alleged spinal injuries that Plaintiff attributes to the failure of two "Harrington Rods" that were implanted in his spine. Plaintiff has brought Deliberate Indifference and medical malpractice claims against UCSF Spinal Center, and product liability claims against NuVasive, Inc. ("NuVasive") and Osteotech, Inc. ("Osteotech"). (Complaint at pp. 1-2, 9-13).

According to the Complaint, Plaintiff has a long history of significant back problems and multiple spine surgeries dating back to March 2001. (Complaint at pp.4-7). After years of treatment, Plaintiff underwent extensive spinal surgery on April 11, 2012, which included the implementation of two Harrington Rods into his spine. (Complaint at pp.7, 9, 12; Exhibits to Complaint, H1-H3, J5).[1] The Harrington Rods that were implanted in Plaintiff's spine during this April 11, 2012 procedure were *not* manufactured or sold by NuVasive; rather, they were apparently manufactured by a company called Medtronic. (Exhibits to Complaint, H3, J5).

The following day, on April 12, 2012, Plaintiff had an additional spinal procedure to install two cages in the disk space between the vertebra at L2-L4. (Complaint at p. 9; Exhibits to Complaint, H5-H6, H8-H9). During this procedure on April 12, 2012, no rods were implanted into the Plaintiff. (Exhibits to Complaint, H5-H6, J7). Rather, the only implanted devices during this procedure were the two *cages* manufactured by NuVasive that were placed in the disk space at the L2-L4 area. (Exhibits to Complaint, H5-H6, J7).

According to Plaintiff, in August 2012, the right side Harrington Rod "broke" in half when he was attempting to put a sock on his right foot. (Complaint at pp. 7, 9, 12). Plaintiff also claims that the left side Harrington Rod then broke on September 4, 2012 as he was attempting to get out of bed. (Complaint at p.7, 9, 12) The fracture of both rods is documented in several medical records that are attached to the Complaint, which make it clear that Plaintiff complained of pain directly as a result of

---

[1] In ruling on a Rule 12(b)(6) motion, a court may consider exhibits attached to the complaint, and may do so without converting the motion to dismiss into a motion for summary judgment. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Moreover, a district court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or [incorporated] by exhibit." *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049, 1055 (9th Cir. 2008). Thus, it is appropriate for this Court to consider the Appendix of Exhibits filed with Plaintiff's Complaint, shown on the Docket as Docket Entry No. 2.

SD214552.DOC — - 3 -

NOTICE OF MOTION AND MOTION OF DEFENDANT NUVASIVE, INC. TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1 the fractured rods. (Exhibits to Complaint, C1, C2, E2, I1, I2, I10, J1, J2). On September 20, 2012, Plaintiff underwent another spinal surgery to remove and replace the fractured Harrington Rods. (Complaint at pp. 8, 10-13; Exhibits to Complaint, I2, I3, I10, J1, J2).

In this lawsuit, Plaintiff claims to have suffered from "excruciating" pain as a result of the Harrington Rod failures. Plaintiff seeks both financial damages and injunctive relief in the form of removal of the Harrington Rods that were replaced in his spine at the September 20, 2012 surgery. (Complaint at pp. 8, 11, 13).

With respect to the product liability allegations, Plaintiff claims that both NuVasive and Osteotech manufactured and distributed the defective Harrington Rods that were implanted in his spine during the April 11, 2012 and September 20, 2012 surgeries. (Complaint at pp. 12-13). Plaintiff also claims that both NuVasive and Osteotech failed to warn that the Harrington Rods can fracture in the body. (Complaint at pp. 12-13).

The records attached to the Complaint establish that the Harrington Rods are not NuVasive products. (Exhibits to Complaint, H1-H3, H5-6, H8-H9, J5, J7). In other words, Plaintiff's Complaint does not identify any NuVasive product that is allegedly defective. Similarly, Plaintiff does not allege any facts that link NuVasive to any alleged defect or from which one can infer that NuVasive contributed to his alleged injuries. Instead, Plaintiff merely groups NuVasive and Osteotech together as "defendants" and proceeds to make conclusory allegations without any factual support. (*See* Complaint at pp. 12-13). Since the product at issue has nothing to do with NuVasive, and because Plaintiff has failed to identify any facts, action, or inaction taken by NuVasive to support his product liability claims, NuVasive respectfully requests that this Court dismiss Plaintiff's Complaint against NuVasive.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when there is an absence of sufficient facts such that the allegations fail to state a claim for relief. See *Balisteri v. Pacifica Police Dept.*, 901 F. 2d 698, 699 (9th Cir. 1988). Federal Rule of Civil Procedure 8(a)(2) requires that in order to state a claim for relief, a pleading must contain a "short plain statement of the claim showing that the pleader is entitled to relief." In interpreting Rule 8, the United States Supreme

Court in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), held that the general pleading standard delineated in Rule 8 requires that a complaint contain well-pleaded factual allegations that make the claim against a defendant "plausible," not just probable. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

In *Twombly* the Court reversed the circuit court of appeals' decision and reinstated the district court's dismissal of the plaintiffs' complaint, finding that conclusory allegations in support of the elements of a claim are not sufficient to show that the pleader is entitled to relief. *Twombly*, 550 U.S. at 557. The Court explained that:

> While a complaint attacked by a 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id*. at 555 (internal citations omitted). The *Twombly* Court's interpretation of Rule 8 requires the pleader to make enough factual allegations to "raise a right to relief above the speculative level." *Id*. The Court found that naked assertions in a complaint of the elements of a claim, "but without further factual enhancement[,] stop[s] short of the line between possibility and plausibility of entitlement to relief." *Id*. at 557. The Court ultimately held that dismissal of plaintiffs' complaint was proper because plaintiffs did not state enough facts to nudge their claims across the line from conceivable to plausible. *Id*. at 570.

The *Iqbal* Court advanced the *Twombly* decision in two important ways by (1) clarifying the Court's intention that the *Twombly* pleading standard apply to all federal civil actions; and (2) setting forth a two-part framework for use in the determination of whether a pleading states a claim. *Iqbal*, 129 S.Ct. at 1953. First, *Iqbal* makes very clear that the heightened *Twombly* pleading standard "expounded the pleading standard for 'all civil actions.'" *Id*. All cases governed by the Federal Rules of Civil Procedure now fall within the broad reach of *Iqbal/Twombly*.

Second, the Court in *Iqbal* set up a road map to aid courts in determining when a litigant has sufficiently stated a claim. The first step in the analysis is to identify any conclusory pleading. *Id*. at 1950. Pleadings that are factually or legally conclusory are not entitled to a presumption of truth and must be supported by well-pleaded factual allegations. *Id*. "Threadbare recitals of the elements of a

claim, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555). Where a pleading contains well-pleaded factual allegations, the second step in the analysis is to "assume their veracity and determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. The Court went on to state that the standard for plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

We note that Plaintiff has filed his Complaint *pro se*, and that pleadings filed by *pro se* litigants are generally held to a less stringent standard then those drafted by lawyers. Nevertheless, even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy,* 66 F.3d 193, 199 (9th Cir. 1995). Where a complaint fails to meet basic pleading requirements under even the most liberal pleading standards, a plaintiff's *pro se* status cannot form the basis for denying a motion to dismiss. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("*Pro se* litigants must follow the same rules of procedure that govern other [civil] litigants."). As shown below, Plaintiff's conclusory allegations are both legally and factually insufficient to state a claim against NuVasive, and dismissal is the appropriate relief.

## III. ARGUMENT

### A. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

#### 1. The Allegedly Defective Product is Not a NuVasive Product

NuVasive did not design, manufacture, or distribute the allegedly defective "Harrington Rods" that Plaintiff refers to throughout his Complaint. Nothing in Plaintiff's Complaint can be read to suggest otherwise. Indeed, there are no allegations anywhere in the Complaint referring to actual NuVasive products. (*See* Complaint at pp. 1-14). Moreover, the records attached to the Complaint establish that NuVasive was not involved with the allegedly defective rods. (Exhibits to Complaint, H3, J5, J7).

Plaintiff bears the burden of setting forth facts to support his claims. The *Twombly* Court found that "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people.'" *Twombly*, 550 U.S. at 557-58 (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005)). Furthermore, the Supreme Court intends for basic deficiencies in pleadings to "be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558. Moreover, it is a relatively elementary notion that a defendant cannot be held liable in products liability cases unless the defendant made or sold the allegedly defective product. *See Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 968 (1997); *Bockrath v. Aldrich Chemical Co.*, 21 Cal. 4th 71, 79-81 (1990); *Dicola v. White Bros. Performance Products, Inc*., 158 Cal. App. 4th 666, 677-78 (2008).

This case squarely presents this Court with the scenario contemplated by the Supreme Court in *Iqbal* and *Twombly*. Because Plaintiff has made no allegations that give rise to a plausible inference that NuVasive designed, manufactured or supplied the allegedly defective Harrington Rods, and because there are no well-pleaded factual allegations that give rise to that assumption, this Court should dismiss all of Plaintiff's claims against NuVasive. While the failure to identify a faulty NuVasive product is sufficient under the Rule 8 standard to dismiss Plaintiff's claims in their entirety, NuVasive also outlines below the deficiencies in Plaintiff's pleading of each cause of action against NuVasive.

> i. *Plaintiff's Negligence Allegations Are Deficient*

First, plaintiff's negligence claims fail to state causes of action against NuVasive for which relief may be granted. To state a claim based on negligence, plaintiff must plead a duty owed that was breached and a causal relationship between the breach and injury to plaintiffs. *See Ortega v. Kmart Corp*., 26 Cal. 4th 1200, 1205 (2001). Absent any specific allegations identifying NuVasive's defective product or what role NuVasive played in the Harrington Rods' alleged defect, Plaintiff's claims must fail because Plaintiff has not properly alleged causation. *Morris v. Princess Cruises, Inc*., 236 F.3d 1061, 1070 (9th Cir. 2001). This is even more so given the only plausible conclusion from reviewing the exhibits attached to the Complaint show that the allegedly defective rods were not manufactured by NuVasive, and were not implanted in the Plaintiff during any surgery that involved NuVasive products.

(*See* Exhibits to Complaint, H1-H3, H5-6, H8-H9, J5, J7). In short, NuVasive is the wrong defendant in this case.

                *ii.*       *Plaintiff's Strict Liability Allegations Are Deficient*

Second, Plaintiff's strict liability claims against NuVasive fail because Plaintiff's allegations amount to an inference that an unidentified NuVasive product is defective and impermissibly forces NuVasive to prove that it did not cause Plaintiff's injuries. *See DiCola*, 158 Cal. App. 4th at 676 ("It is not a general rule in the field of products liability that the manufacturer of a defective product must prove a negative, i.e., his non-causation of plaintiffs' injuries. It is equally true that an alleged manufacturer of a defective product need not prove the negative that it did not manufacture the product which caused plaintiff injuries."); *see also Barret v. Atlas Powder Co.*, 86 Cal. App. 3d 560, 565 (1978) (holding that a specific defect must be affirmatively established and a mere inference of defect as a result of the injury causing event is insufficient). Plaintiff did not allege a specific defect with respect to a NuVasive product. Nor, for that matter, does Plaintiff allege any facts that a NuVasive product failed to perform as intended or in any way contributed to the alleged injuries. Rather, Plaintiff merely names NuVasive as a defendant along with another company (Osteotech) and collectively alleges that both "defendants" manufactured the Harrington Rods at issue. (Complaint at pp. 12-13). This is insufficient and improper as a matter of law, and dismissal is appropriate.

        **2.**       **California Does Not Recognize a Claim for Strict Liability Design Defect for Implantable Devices**

Even if Plaintiff's Complaint did identify an actual NuVasive product was defective, Plaintiff's strict liability design defect claim is barred by California law. California has adopted the Restatement (Second) of Torts § 402A Comment k, which precludes liability for manufacturers of prescription medical devices under a design defect theory. Thus, under traditional tort theories in cases not involving preemption, a medical device manufacturer can only be liable if they are found to have improperly manufactured a device or failed to warn of its known or knowable dangers. *See Brown v. Superior Court*, 44 Cal. 3d 1049, 1061 (1988) (prescription drugs); *Garrett v. Howmedica Osteonics Corp.*, 2012 WL 5911441, *6-*7 (Cal. App. Nov. 27, 2012) (implanted device); *Artiglio v. Superior Court*, 22 Cal. App. 4th 1388, 1397 (1994) (same); *Plenger v. Alza Corp.*, 11 Cal. App. 4th 349, 360-

361 (1992) (same); *Hufft v. Horowitz*, 4 Cal. App. 4th 8, 11 & 20 (1992) (same). This blanket rule does not require a case-by-case analysis of the device's purpose. In other words, it applies to all such devices. *Id*. at 19.

As such, regardless of who manufactured the Harrington Rods at issue in the present litigation, any strict liability design defect claim regarding those prescriptive implantable medical devices fails as a matter of law.[2] Thus, Plaintiffs' strict liability design defect claim is barred under California law, and must be dismissed.

### 3. Plaintiff's Failure to Warn Claims Are Barred By the Learned Intermediary Doctrine

Plaintiff's claim for failure to warn fails for an additional reason. Under California law, the manufacturer of a prescription medical device has no duty to warn patients of the risks associated with its product. *See Carlin v. Superior Court*, 13 Cal. 4th 1104, 1116 (1996). Rather, the manufacturer's duty to warn runs to the prescribing physicians. *Id*. This is because it is the physician, who stands between the manufacturer and the patient as a learned intermediary, who has the knowledge and expertise to decide which medical devices are appropriate for a patient. This doctrine, known as learned intermediary doctrine, has been adopted in California for cases involving claims of failure to warn about the risks of a medical device. *Carlin*, 13 Cal. 4th at 1116; *Valentine v. Baxter Healthcare Corp.*, 68 Cal. App. 4th 1467, 1483 (1st Dist. 1999) ("In the case of prescription drugs and implants, the physician stands in the shoes of the 'ordinary user' because it is through the physician that a patient learns of the properties and proper use of the drug or implant. Thus, the duty to warn in these cases runs to the physician, not the patient.").

In order to prove a claim for failure to warn against the manufacturer of a prescription medical device, the Plaintiff must plead and prove, among other things, that the defendant failed to adequately warn the prescribing physician of the risks associated with the device; that the physician relied on those warnings; and that if the physician had been adequately warned he would have refused to prescribe the

---

[2] As noted above, the only NuVasive products that were implanted in Plaintiff were two cages that were used in the April 12, 2012 surgery. (Exhibits to Complaint, H5-H6, J7). Both the Complaint and the medical records attached to the Complaint are silent regarding the cages, other than to establish that they were implanted in a procedure the day after the allegedly defective rods were implanted. Nevertheless, any claim for strict liability design defect regarding the cages would also be barred under California law, for the same reasons set forth above.

device. *See Motus v. Pfizer Inc.*, 196 F.Supp.2d 984, 990-91 (C.D. Cal. 2001), *aff'd*, 358 F.3d 659 (9th Cir. 2004).

Plaintiff's Complaint fails to allege any of these elements. Nowhere in Plaintiff's Complaint does he allege that NuVasive failed to warn his prescribing physician, that his prescribing physician relied on these warnings, or that his prescribing physician would have altered his prescription decision if different warnings would have been given.[3] As such, Plaintiff has failed to state a claim for failure to warn, and it should be dismissed.

### B. PLAINTIFF'S COMPLAINT FAILS TO STATE FACTS SUFFICIENT TO APPRISE NUVASIVE OF THE CLAIM AGAINST IT.

The question as to the sufficiency of a complaint is whether it contains sufficient allegations to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quotation omitted). No claim for relief is stated when the complaint pleads facts insufficient to show that a legal wrong has been committed, or omits affirmative statements necessary to establish a wrong, or fails to link parties with a wrong to entitle plaintiff to redress. *Sutton v. Eastern Viavi Co.*, 138 F.2d 959, 961 (7th Cir. 1943); *see also Suever v. Connell*, 579 F.3d 1047, 1061 (7th Cir. 2009) (affirming district court's dismissal of plaintiffs' complaint because the complaint, inter alia, failed to link any particular harm plaintiffs suffered to any defendant). Although pleadings are given liberal construction in federal courts, Federal Rules contemplate some factual statement in support of a claim, and general allegations unsupported by any factual statements have usually been rejected as insufficient. *Huey v. Barloga*, 277 F. Supp. 864, 871 (1967 N.D. Ill.).

Further, "when the pleaded facts do not naturally give rise to an inference of causation, the plaintiff must plead specific facts affording an inference that one caused the other." *Bockrath*, 21 Cal. 4th at 78. In product liability actions, the plaintiff must prove that the defendants' defective product was a "substantial factor" in bringing about the plaintiff's injury. *Id.* at 79 (citing *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953 (1997)).

---

[3] Again, it would be illogical for NuVasive to issue warnings for a product (i.e. the Harrington Rod) that it did not design, manufacture, or sell.

Here, Plaintiff names two medical device companies – NuVasive and Osteotech – and groups them together collectively as "defendants" throughout the Complaint. (Complaint at pp. 12-13). Throughout the Complaint, Plaintiff asserts the same verbatim allegations against both "defendants," which, if believed to be true, would mean that two completely independent companies manufactured the same defective product. Such an allegation on its face is illogical and fundamentally insufficient. The Complaint is replete with broad allegations that accuse the "defendants" of "violat[ing] product liability" regarding the "breaking/fracturing" of the rods. (Complaint at pp. 12-13). Yet at no point in the Complaint does Plaintiff assert even a single specific allegation regarding NuVasive. Such allegations are conclusory and insufficient because Plaintiff fails to allege any specific facts that link NuVasive to a wrong that entitles Plaintiff to redress. *See Sutton*, 138 F.2d 959 at 961.

Moreover, Plaintiff's Complaint lacks any factual allegations that provide an inference that NuVasive caused Plaintiff's injuries. The only allegation of a defective product is evidenced by the repeated references to the breaking of the Harrington Rods. Similarly, the exhibits attached to the Complaint also only refer to the fractured rods. Plaintiff does not even attempt to allege any facts concerning any alleged role by NuVasive in causing the fracture of rods that it did not design, manufacture, or distribute. In short, Plaintiff simply fails to allege any facts regarding any alleged defect involving a NuVasive product. As such, Plaintiff's Complaint fails to allege sufficient facts to apprise NuVasive of the grounds for his claims against it.

### C. PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES IS IMPROPER WHERE THE REMAINING CLAIMS ARE DISMISSED.

Punitive damages may only be granted where provided in conjunction with a claim for damages. "In California there is no separate cause of action for punitive damages." *McLaughlin v. National Union Fire Ins. Co.*, 23 Cal. App. 4th 1132, 1164 (1994); *see also Caira v. Offner*, 126 Cal. App. 4th 12, 39 n.20 (2005) ("[T]here is no separate cause of action for punitive damages-they are only ancillary to a valid cause of action."); *Ohio Cas. Ins. Co. v. Hubbard*, 208 Cal. Rptr. 806 (1984) (finding that punitive damages are merely ancillary to the claims for compensatory damages). A plaintiff "must still prove the underlying tortious act causing actual, presumed or, where the difficulty lies in fixing the amount of damages with certainty, nominal dam-ages." *McLaughlin*, 23 Cal. App. 4th

1  at 1164. "An award of actual damages, even if nominal, is required to recover punitive damages." *Sole
2  Energy Co. v. Petrominerals Corp*., 128 Cal. App. 4th 212, 238 (2005) (finding parties could not
3  recover punitive damages where the parties could not recover actual damages); *Kizer v. County of San
4  Mateo*, 53 Cal. 3d 139, 147 (1991) ("[A]ctual damages are an absolute predicate for an award of
5  exemplary or punitive damages.").

6  Accordingly, because Plaintiff's claims should be dismissed as a matter of law, his prayer for
7  exemplary or punitive damages should fail as well. Even if this Court does not find that Plaintiff's
8  claims should be dismissed, Plaintiff's punitive damages claims must fail because Plaintiff neglected to
9  plead facts in the Complaint demonstrating "oppression, fraud or malice" with any specificity on the
10 part of NuVasive.  *See* Civ. Code § 3294.

11 **D. NUVASIVE'S MOTION TO DISMISS SHOULD BE GRANTED WITHOUT
12 LEAVE TO AMEND**

13 Although Federal Rule of Civil Procedure 15 (allowing a complaint to be amended) should be
14 interpreted liberally, leave to amend is not to be granted automatically. *See Gabrielson v. Montgomery
15 Ward,* 785 F.2d 762, 765 (9th Cir. 1986) (affirming denial of motion to amend complaint where
16 amendment would be futile). The United States Supreme Court has held that it is proper for the District
17 Court to deny leave to amend where there exists an "apparent or declared reason" such as (1) prejudice
18 to the opposing party; (2) undue delay; (3) bad faith or dilatory motive; or (4) futility of amendment.
19 *Foman v. Davis*, 371 U.S. 178, 182 (1968). It is well-settled that futility alone justifies denying a
20 motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Johnson v. Buckley*,
21 356 F.3d 1067, 1077 (9th Cir. 2004); *see Nunes v. Ashcroft,* 348 F.3d 815, 818 (9th Cir. 2004)
22 (affirming denial of leave on basis of futility alone); *Gabrielson*, 785 F.2d at 765-66 (9th Cir. 1986)
23 (affirming denial of leave on basis that amendment would be futile; affirming summary judgment);
24 *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc*., 818 F.2d 1466, 1472 (9th Cir.
25 1987) (futility of amendment alone justified denial of leave to amend).

26 Under Ninth Circuit law, an amendment is futile where, as here, it "could be defeated on a
27 motion for summary judgment." *Gabrielson*, 785 F.2d at 766, citing *Valerio v. Boise Cascade Corp*.,
28 80 F.R.D. 626, 658 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.); *see California Arch*, 818 F.2d at

1472 (where amended claims would be subject to summary judgment, leave to amend properly denied as futile). Here, all of Plaintiff's claims are premised on the fracture of rods that are manufactured and sold by a company other than NuVasive. Since NuVasive did not design, manufacture, or distribute the allegedly defective product, there is no basis for liability against NuVasive in this case. Plaintiff cannot add anything to his Complaint that would change that outcome. As such, Plaintiff's claims could be defeated on summary judgment and granting leave to amend would therefore be futile.[4]

## IV. CONCLUSION

For the foregoing reasons, NuVasive respectfully requests that this Court grant its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

Dated: September 24, 2013

Respectfully submitted,

**MORRIS POLICH & PURDY LLP**

By: _____/s/_____
Gregory G. Jackson
Attorney for NuVasive, Inc.

---

[4] In the event this Court is not inclined to dismiss Plaintiff's Complaint for the numerous reasons cited above, the Court should at least require Plaintiff to make a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Fed.R.Civ.P. 12(e) ("If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading); *see Famolare, Inc. v. Edison Bros. Stores, Inc*. 525 F.Supp. 940, 949 (E.D. Cal. 1981).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gregory G. Jackson, Esq. (SBN 262364)
MORRIS POLICH & PURDY LLP
600 W. Broadway, Suite 500
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460

Attorneys for Defendant,
NUVASIVE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>   Plaintiff,<br><br>v.<br><br>UCSF SPINE CENTER., NUVASIVE, INC., OSTEOTECH, INC., et al.,<br><br>   Defendants. | Case No. 13-CV-01978-EMC<br><br>**[PROPOSED] ORDER**<br><br>Judge:     Hon. Edward M. Chen<br>Courtroom: 5<br>Date:      TBD<br>Time:      TBD |

On _____ 2013, this Court considered Defendant NuVasive, Inc.'s Motion to Dismiss, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), including all papers submitted in support thereof, all opposition papers, and on all papers and pleadings on file with the Court herein, it is hereby ORDERED that NuVasive's Motion is granted in its entirety, and Plaintiff's claims against NuVasive, Inc. are dismissed with prejudice. Plaintiff has failed to state a claim against NuVasive for which relief could be granted.

   IT IS SO ORDERED:                        _____
                                            U.S. District Court Judge_


                                            Dated _____