UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORENZO R. CUNNINGHAM,

    Plaintiff,

    v.

UCSF SPINE CENTER; *et al.*,

    Defendants.
_____/

No. C-13-1978 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Lorenzo R. Cunningham, an inmate at the California Medical Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

The claims in the complaint arise from back surgeries performed on Mr. Cunningham at a hospital outside the prison in 2012. In his complaint, Mr. Cunningham alleges the following:

Before turning to the facts of his claims, the complaint describes Mr. Cunningham's longstanding back problems and treatments therefor due to back problems since a pre-incarceration back injury in 1994. He has been incarcerated since 1995. In 2001, he had back surgery that involved the attachment of a 3-inch titanium plate/rod to his cervical spine. Later in 2001, he had another back surgery to fuse a part of the lumbar spine and to install a bone growth stimulator and a 6-inch titanium plate/rod. From 2005 through 2007, Mr. Cunningham began experiencing pain because the hardware in his back was failing. Mr. Cunningham was referred to Dr. Huffman, an outside surgeon, who eventually performed surgery in October 2007. This surgery included the

1  removal of hardware, "revision fusion," "reinstrumentation of hardware," and placement of protein
2  in the back for fusion.  Docket # 1 at 8.  In 2008, Mr. Cunningham returned to Dr. Huffman with
3  complaints of pain at the surgical site.  He saw Dr. Huffman several times until February 2009
4  regarding his worsening back problems.  In February 2009, Mr. Cunningham "terminated the
5  doctor/patient relationship with Dr. Huffman," who recommended he seek treatment at U.C. Davis
6  or U.C.S.F.  Docket # 1 at 9.[1]

In 2009, Mr. Cunningham had a consultation with Dr. Shane Burch at U.C.S.F., who first tried trigger point injections for the back pain.  In April 2010, Dr. Burch recommended surgical management; during that visit and later visits, treatment options were discussed and plans were made.

In April 2012, Dr. Burch performed back surgery.  He fused the spine at the T-10 through S-1 section and installed new Harrington rods in his back.

In August 2012, the right side of the Harrington rods broke when Mr. Cunningham attempted to put on his socks.  He was transported to U.C.S.F. Spine Center and fitted with a back brace in preparation for a future surgery.

On September 4, 2012, the left side of the Harrington rods broke when he attempted to get out of bed. Mr. Cunningham was transported to U.C.S.F. Spine Center for back surgery, and was hospitalized from September 4 - 24, 2012.  Back surgery was performed on September 20, 2012; during surgery, his broken Harrington rods were removed and he was "reinstrumented with a new set of (hardware)."  *Id.* at 12 (parentheses in source).

Mr. Cunningham alleges that he suffered "excruciating back pain" after the April 2012 surgery, after the breaking of the Harrington rods in August and September 2012, and after the September 2012 surgery.  *Id.*

The complaint asserts one claim captioned "medical malpractice" and a second claim captioned "product liability."  Mr. Cunningham alleges that Dr. Shane Burch and ten Doe defendants

---

[1] Mr. Cunningham sued Dr. Huffman in state court for medical malpractice.  Summary judgment was granted in Dr. Huffman's favor, and upheld on appeal.  *See Cunningham v. Huffman*, 2011 WL 140301 (Cal. Ct. App. 2011).

2

engaged in medical malpractice by installing the Harrington rods in the T-10 through S-1 portion of his spine in a two-day operation in April 2012. He alleges that he "discussed and agreed that the defendants would fuse any areas of the spine either un-fused naturally from (T-10 thru S-1); and/or unfused from prior back surgeries in 2001 and 2007 from Queen of the Valley hospital. Plaintiff agreed/consented to be reinstrumented from (L-1 thru S-1) as was done in previous back surgeries." Docket # 1 at 13. Mr. Cunningham further alleges that defendants "committed medical malpractice for (sic) deliberate indifference and/or negligence" in their surgical treatment of his back in April and September 2012, and in failing to obtain his consent to do a 2-day operation rather than a 1-day operation in April 2012. *Id.* at 14.

In his "product liability" claim, Mr. Cunningham alleges that defendants NuVasive Inc. and Osteotech, Inc. "committed violation of the Product Liability laws with regards to Strict Liability and Negligence by manufacturing and providing/distributing the (i.e., Harrington Rods/Hardware) as a defective and deficient product," and failing to warn that the product could fracture in the body. *Id.* at 16. He further alleges that he was injured as a result of the installation of the defective product in his back when that product broke in his back.

### III.   DISCUSSION

A.   <u>The Federal Claim Must Be Amended</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The threshold issue here whether there is a claim that gives this Court original jurisdiction over this action in which state law negligence and product liability claims predominate. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The two

main classes of cases over which the federal courts have jurisdiction are those that present a federal question, *see* 28 U.S.C. § 1331, and those in which the parties have diverse citizenship, *see* 28 U.S.C. § 1332.  An action under 42 U.S.C. § 1983 presents a federal question and would give this Court original jurisdiction. Problems with Mr. Cunningham's § 1983 claim require the Court's attention first because, if there is no viable § 1983 claim, the negligence and products liability claims must be pursued in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.*  The complaint adequately alleges a serious medical need.

The problem with Mr. Cunningham's complaint concerns the mental state required for an Eighth Amendment claim.  A defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Id.* at 837.  The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*  If the defendant should have been aware of the risk, but was not, then he has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

The complaint fails to allege facts sufficient to state a claim that defendant Dr. Burch and the health care Doe defendants acted with deliberate indifference to Mr. Cunningham's serious medical needs. According to the allegations of the complaint, Mr. Cunningham had longstanding serious back problems, already had several failed attempts to resolve his back problems, and had hardware failures in his spinal area before he even encountered defendants. He came to the defendants with back pain, discussed the planned treatment with defendants, and was operated on by defendants in April 2012 and September 2012 to address his back problems. Mr. Cunningham alleges that he had bad outcomes with the surgeries (as he had with earlier surgeries for his longstanding back problems), but bad outcomes do not equal deliberate indifference. That a surgery has potential complications or cannot be performed with guaranteed perfect results does not mean that a doctor who performs the surgery does so with deliberate indifference, or even negligence. Likewise, the fact that a doctor does surgery in two steps rather than one step also does not suggest deliberate indifference to a serious medical need under the *Farmer* standard. In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. *See Toguchi*, 391 F.3d at 1058; *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.")

Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[2]  A complaint must proffer "enough facts to

---

[2] This requirement that the pleader allege enough facts to state a claim to relief that is plausible on its face stems from the rule that a complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2)  "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

state a claim to relief that is plausible on its face." *Id.* at 570.  Leave to amend is **GRANTED** so that Mr. Cunningham may file an amended complaint that proffers enough facts to state a claim to relief for an Eighth Amendment violation that is plausible on its face.

B.   <u>Miscellaneous Motions</u>

Mr. Cunningham's application for leave to proceed *in forma pauperis* is **DENIED**.  (Docket # 11.)  The application is incomplete in that Mr. Cunningham never submitted the certified copy of the inmate trust account required by 28 U.S.C. § 1915(a)(2).  In any event, Mr. Cunningham already has paid the full filing fee.

Mr. Cunningham's motion for the Court to send him summonses and forms for service of process, for an extension of time to serve defendants, and for appointment of counsel is **DENIED**.  (Docket # 9.)  Although Mr. Cunningham reports in other filings that he has already served defendants, service of process normally is not done in a prisoner's civil rights action until after the Court conducts the screening required by 28 U.S.C. § 1915A, and determined which defendants should be served with process.  There is a pleading problem with the § 1983 claim that requires an amended complaint, and until that amended complaint is filed, the Court cannot determine whether any defendants should be served with process.  Thus, Mr. Cunningham's request for summonses and forms for service of process, as well as an extension of time to serve process, is premature.  The renewed request for appointment of counsel contained in Docket # 9 is denied for the same reasons discussed in the Court's order filed July 8, 2013.

Mr. Cunningham's "motion request to file proof of service on defendants and judicial notice request for service on defendants" is **DENIED**.  (Docket # 14.)  The motion requests that the Court take judicial notice of Mr. Cunningham's efforts to serve process on defendants.  Mr. Cunningham's motion reflects a fundamental misunderstanding of the judicial notice process and erroneous belief that it is the normal way to present evidence to a court.  A federal court can judicially notice facts that are not subject to reasonable dispute in that they are generally known within the territorial jurisdiction of the court or they are capable of ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b).  The activities of a litigant are not the sort of facts of which judicial notice may be taken because they are not facts generally known

within the Court's territorial jurisdiction or that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The usual way for a litigant to present documentary evidence is to attach the documents to a declaration that authenticates the documents. Evidence and declarations usually are submitted in connection with a motion by or against the litigant. Here, for example, if the Court ever orders service of process and a question arises about whether a defendant has been properly served with process, Mr. Cunningham could submit a declaration with documents attached to it. However, as noted above, the Court has not yet ordered service of process so Mr. Cunningham's current efforts to demonstrate that he has served process are pointless.

## IV. CONCLUSION

The amended complaint fails to state a § 1983 claim upon which relief may be granted. Leave to amend is granted so that Mr. Cunningham may attempt to allege an Eighth Amendment violation. The amended complaint must be filed no later than **November 15, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Cunningham is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action without prejudice to Mr. Cunningham pursuing his state law claims in state court.

///
///
///
///
///
///
///

7

In light of the fact that Mr. Cunningham is required to file an amended complaint, Defendants do not need to file an answer or other responsive pleading to the complaint. In fact, defendants do not need to file an answer or other responsive pleading to any amended complaint unless and until the Court so orders after screening it under 28 U.S.C. § 1915A.

IT IS SO ORDERED.

Dated: October 8, 2013

_____
EDWARD M. CHEN
United States District Judge