UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO R. CUNNINGHAM,<br><br>    Plaintiff,<br><br>    v.<br><br>UCSF SPINE CENTER; *et al.*,<br><br>    Defendants. | No. C-13-1978 EMC (pr)<br><br>**ORDER DENYING MOTION TO TRANSFER CLOSED CASE** |

    In April 2013, Plaintiff filed this action under 42 U.S.C. § 1983 to complain about medical care and back surgeries performed on him at an outside hospital in 2012. The Court reviewed the complaint, determined that it did not state a cognizable claim under § 1983, and dismissed it with leave to amend. The Court noted that Plaintiff's state law claims predominated and that the action could not go forward in federal court unless the amended complaint showed a basis for federal court jurisdiction. *See* Docket # 22 at 3-4. Plaintiff never filed a pleading showing that the Court had jurisdiction over the action, and instead requested a voluntary dismissal. The action was dismissed and judgment entered on November 20, 2013. Plaintiff then tried to file an action in state court, although it is not clear from the disorganized pile of papers he attached to the present motion what he tried to file in state court or when he did so. He contends that his efforts to file in state court were "without success." Docket # 30 at 2. Plaintiff does not allege why the state court has failed or refused to file his action.[1]

---

[1] Plaintiff's exhibits show that he earlier had been declared a vexatious litigant in state court and is subject to pre-filing review in state court. *See* Docket # 30-2 at 8. If the state court refused to file his complaint, it may have been because the state court screened it under the vexatious litigant statute and disallowed the complaint.

Plaintiff now returns to federal court, asking this Court to reopen the action for the sole purpose of transferring the action to state court. The Court declines to do so. Plaintiff cites as authority for his motion 28 U.S.C. § 1651 – which authorizes courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions" – but it has never been established that there is federal subject matter jurisdiction over this action so a writ would not be in "aid of" its jurisdiction. Even if there was subject matter jurisdiction, this Court lacks power to issue mandamus writs to direct state courts, state judicial officers, or other state officials in performance of their duties. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991). This Court cannot compel the state court to file Plaintiff's complaint or to disregard its statutory vexatious litigant procedures for Plaintiff's benefit. Finally, contrary to Plaintiff's assertion, this Court did not order him to file his complaint in state court but merely said that this action would be dismissed without prejudice to him filing an action in state court. *See* Docket # 22 at 7. The motion to reopen and transfer this action is **DENIED**. (Docket # 30.)

IT IS SO ORDERED.

Dated: September 8, 2014

_____
EDWARD M. CHEN
United States District Judge